IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA MIAMI DIVISION

CIVIL ACTION NO.: 1:25-cv-23303-CMA

RAYMOND SCROGGINS            )
    Plaintiff,                            )
                                          )
VS.                                                    )
                                          )
NCL (BAHAMAS) LTD., A BERMUDA COMPANY   )
    Defendant.                         )

## SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, **RAYMOND SCROGGINS** (hereinafter "SCROGGINS"), by and through his undersigned counsel, and files this Second Amended Complaint against Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY (hereinafter "NCL"), and states as follows.

### INTRODUCTION

This is an action for damages in excess of $75,000, exclusive of interest and costs, arising from Defendant's negligence which caused Plaintiff to suffer severe and permanent bodily injuries while aboard the Norwegian Gem cruise ship on August 2, 2024.

### PARTIES

1. Plaintiff, **SCROGGINS**, is a resident of Nashua, New Hampshire, and was a passenger aboard the Norwegian Gem on August 2, 2024.

2. Defendant, **NCL**, is a Bermuda corporation with its principal place of business in Miami, Florida. At all relevant times, Defendant operated the Norwegian Gem and was responsible for the vessel's maintenance, safety, and crew.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, diversity-of-citizenship jurisdiction:

    a. The Plaintiff is a citizen of New Hampshire.

    b. The Defendant is a citizen of Bermuda and of the state of Florida, as it is a corporation incorporated under the laws of Bermuda, and its principal place of business is in Florida.

    c. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4. In addition to falling within the Court's diversity jurisdiction, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1333 (general maritime law) and is governed by the general maritime law because the accident happened on a ship sailing in navigable waters and because the ship was engaged in an activity (pleasure cruising) bearing a substantial relationship to traditional maritime activity. Nevertheless, the Plaintiff designates this claim as one brought at law under the court's diversity-of-citizenship jurisdiction. (And although this claim is brought at law rather than in admiralty, it is still governed by the general maritime law.)

5. Venue is proper under 28 U.S.C. § 1391(b) because Defendant's principal place of business is located at 7665 Corporate Center Drive, Miami, FL 33126, within this District.

6. Venue is also proper because Plaintiff's cruise ticket contains a forum-selection clause that requires actions such as this to be filed in the United States District Court in Miami, Florida.

## FACTUAL ALLEGATIONS

7. On August 2, 2024, Plaintiff slipped on a wet, unmarked deck at the Bali Hai Bar & Grill aboard the Norwegian Gem, fracturing his left fibula.

8. Defendant failed to maintain the deck in a safe condition, warn passengers of the hazard and inspect the area adequately.

9. Plaintiff required surgery and sustained permanent injuries, lost wages, and other damages.

## SEPARATE COUNTS

### COUNT I – NEGLIGENT MAINTENANCE

10. Defendant breached its duty to maintain the deck safely by allowing a wet, slippery condition to exist, failing to implement safety policies and ignoring prior similar incidents.

11. Due to the Defendant's breach of its duty to maintain the deck safely, Plaintiff sustained injuries.

### COUNT II – NEGLIGENT FAILURE TO WARN

12. Defendant breached its duty to warn by not posting signs or alerts about the hazard and failing to inform passengers of known risks.

13. Due to the Defendant's breach of its duty to warn, Plaintiff sustained injuries.

### COUNT III – NEGLIGENT FAILURE TO INSPECT

14. Defendant breached its duty to inspect by not conducting regular inspections and ignoring foreseeable risks.

15. Due to the Defendant's breach of its duty to inspect, Plaintiff sustained injuries.

### DEMAND FOR RELIEF

Plaintiff demands:

1. Compensatory damages;
2. Pre- and post-judgment interest;
3. Costs and attorneys' fees;
4. Any other relief the Court deems just.

WHEREFORE, Plaintiff, RAYMOND SCROGGINS, demands judgment against Defendant, NCL (BAHAMAS) LTD., A BERMUDA COMPANY in an amount that the Court deems just and reasonable, plus costs, interest, and other such relief as this Court deems appropriate.

**Plaintiff demands a Jury Trial on all applicable counts.**

                                                    Respectfully submitted,
                                                    Plaintiff
                                                    By his Attorney,

Dated: October 2, 2025                      ***s/ Louis J. Muggeo***
                                                    Louis J. Muggeo, Esq.
                                                    LOUIS J. MUGGEO & ASSOCIATES
                                                    133 Washington Street
                                                    Salem, MA  01970
                                                    (978) 741-1177
                                                    lmuggeo@ljmassoc.com
                                                    Florida Bar #0656054